## MORGAN v. JOYCE.

A plaintiff is bound by directions as to the service of the writ given by his attorney to the officer to whom the writ is delivered for service.

CASE and assumpsit against a deputy sheriff for neglecting to serve a writ in an action brought by the plaintiff Morgan against one Parsons and trustee. The writ was delivered to the defendant by the plaintiff's attorney, with directions to serve it upon the trustee, and return it to the attorney without service on Parsons. The directions were complied with, but, through inadvertence, the defendant made no return of the partial service.

*O. S. Cormier*, for the plaintiff.

*W. S. & D. R. Pierce*, for the defendant.

CHASE, J. By employing the attorney to bring and prosecute the action, the plaintiff authorized him to give directions for service of the writ. *Alton* v. *Gilmanton*, 2 N. H. 520; *Miner* v. *Smith*, 6 N. H. 219; *Hanson* v. *Hoitt*, 14 N. H. 56; *Stevens* v. *Colby*, 46 N. H. 163. The plaintiff is not in a position to object to the character of the evidence of service on the trustee. He has not been injured by the absence of a formal return of service. The only reason why a formal return may not now be made and put in evidence is because the writ is in the possession of the plaintiff's attorney. The plaintiff cannot withhold the writ and thereby deprive the defendant of the means of showing service by primary evidence, and still be allowed to insist that secondary evidence is incompetent. Under the circumstances, oral testimony was competent to show compliance with the attorney's order. See, also, *Smith* v. *Moore*, 17 N. H. 380.

*Judgment for the defendant.*

CARPENTER, J., did not sit: the others concurred.